IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| SCOTT TIMBER CO., Plaintiff, v. THE UNITED STATES, Defendant. | No. 05-604C (Judge Horn) |

**PLAINTIFF'S MOTION TO TRANSFER AND SUGGESTION OF CONSOLIDATION**

Pursuant to Rule 42(a) of the Rules of the Court of Federal Claims (RCFC), plaintiff Scott Timber Co. respectfully requests that the Court transfer the instant case to Judge Smith and suggests that this case be consolidated with Swanson Group, Inc. v. United States, COFC No. 05-170C, and Swanson Group, Inc. v. United States, COFC No. 05-171C (both cases currently consolidated before Judge Smith under COFC No. 05-170C). Plaintiff makes this request in order to avoid unnecessary costs, duplication of effort and delay, and to ensure consistent application of the law in cases that involve primarily the same facts and legal issues.[1] Counsel for defendant has stated that defendant will oppose this motion.[2]

[1]On June 7, 2005, pursuant to RCFC 40.2(b), plaintiff filed a Notice of Indirectly Related cases in the Swanson Group cases notifying the Court of the common facts and legal issues involved in the instant case and the Swanson Group cases.

[2]Defendant did not oppose the transfer of COFC No. 05-171C from Judge Hodges to Judge Smith or the consolidation of COFC No. 05-171C with COFC No. 05-170C before Judge Smith.

Transferring the instant case to Judge Smith for consolidation with the Swanson Group cases or for coordination of a common discovery and pretrial schedule will greatly promote judicial efficiency and ensure consistent application of the law because of the substantial overlap in common issues of fact and law among all three cases. See, e.g., Karuk Tribe of California v. United States, 27 Fed. Cl. 429, 433 (1993) (a primary objective of consolidation is to prevent separate actions from producing conflicting results, which can occur when cases require judicial determinations of the same facts).

The Swanson Group cases and the instant case involve timber sale contracts with the United States Forest Service that are alleged to have been wrongly suspended in the wake of closely related federal district court rulings and a Ninth Circuit decision in Pacific Coast Federation of Fishermen's Association v. NMFS, W.D. Wash. No. 97-CV-775, 1998 WL 1988556; Pacific Coast Federation of Fishermen's Association v. NMFS, 71 F. Supp.2d 1063 (W.D. Wash. 1999); Pacific Coast Federation of Fishermen's Association v. NMFS, W.D. Wash. Case No. C00-1757R (Dec. 7, 2000); and Pacific Coast Federation of Fishermen's Association v. NMFS, 265 F.3d 1028 (9th Cir. 2001). In the above district court cases, Judge Rothstein ruled that the biological opinions necessary for each of the Forest Service timber sales involved in the Swanson Group cases and the instant case were invalid.

The Swanson Group cases and the instant case involve the same standard Forest Service timber sale contract containing identical or substantially the same clauses. All three cases involve the same defendant, the United States Forest Service, and all three cases are on national

forests in southern Oregon within the Pacific Northwest Region of the Forest Service, also known as Region 6. Plaintiff's counsel of record and defendant's counsel of record are the same in all three cases.

The common legal issues in each of these three cases include the following: (1) whether the Forest Service breached its implied duties to cooperate and not to hinder the contractor's performance, (2) whether the Forest Service breached certain express warranties under the contracts arising under standard clause C6.25 or standard clause CT6.25 (which is substantively the same as C6.25), (3) whether the Forest Service breached the timber sale contract by suspending the contract for an unreasonable amount of time, and (4) whether the Forest Service failed to compensate the plaintiff and timber sale purchaser as required under standard clause C6.01 or standard clause CT6.01 (which is substantively the same as C6.01).

Many of the same witnesses and documents are involved in all three cases and separate trials involving the same legal issues and many of the same documents and witnesses will entail a needless duplication of effort and raise the possibility of inconsistent adjudications. Consolidation or a coordinated discovery schedule, pretrial and trial proceedings before a single judge would result in substantial efficiencies and a better use of the time and resources of both the Court and the parties.

The government has just filed answers to the complaints in the Swanson Group cases and no answer has been filed in the instant case. There have been no initial voluntary disclosures and discovery has not commenced in any of these actions.

**CONCLUSION**

For each of the foregoing reasons, plaintiff respectfully requests that the Court grant this motion and transfer the instant case to Judge Smith for further proceedings.

Respectfully submitted,

s/Gary G. Stevens

SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140

Counsel for Plaintiff

OF COUNSEL:

Alan I. Saltman
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140

Dated: July 15, 2005