United States Department of Agriculture
Forest Service
Rogue River National Forest
Siskiyou National Forest
Supervisor's Office
333 W. 8th Street
P.O. Box 520
Medford, OR 97501-0209

File Code: 2450

Date: May 23, 2005

CERTIFIED MAIL - RETURN RECEIPT REQUESTED

Allyn C. Ford
President
Scott Timber Co.
P.O. Box 1088
Roseburg, OR 97470

RE: Backwoods Thin Timber Sale, Contract No. 075870

CONTRACTING OFFICER'S FINDINGS AND DECISION

This decision is in response to your claim submitted by letter received in this office November 15, 2004.

1. PREFACE AND DIGEST

a. Decision Identification Number: 6-05-1

b. Location: Region 6, Siskiyou National Forest, Powers Ranger District

c.

| | |
|---|---|
| Timber Sale: | Backwoods Thin |
| Contract Date: | 9/30/98 |
| Contract Form: | 2400-6T |
| Purchaser: | Scott Timber Co. |

d. Purchaser's Claim:

You claim payment in the amount of $11,071 for interest on bonds deposited, $294 for out of pocket bonding expense, $52,931 in unamortized road construction, $4,078 in personnel costs to prepare the claim, $30,487 in lost interest on expected profit and lost profit in the amount of $274,059 for the time period your operations were suspended from December 14, 2000 to May 12, 2003.

2. FINDINGS

a. Backwoods Thin Timber Sale was awarded to Scott Timber Co., Inc. on September 30, 1999. Contract form 2400-6T (10/73) was used, which included CT6.01 (10/96) Interruption or Delay of Operations and CT9.2 Disputes (10/96).

b. On or about December 14, 2000, Contracting Officer, Thomas K. Link verbally suspended all operations on this sale as directed by court order under Pacific Coast Federation of Fishermen's Assoc. et al v. National Marine Fisheries Service, et al (PCFFA II). This sale was considered to be covered by the decision in this lawsuit as the Biological Opinion was nearly identical to the Biological Opinions listed in PCFFA II.

c. By letter on October 2, 2001, Contracting Officer, Thomas K. Link released this sale for normal operations in accordance with Alsea Valley Alliance, and Mark Sehl, v. Don Evans et al No. 99-6265-HO.

d. By letter dated January 17, 2002, Contracting Officer, Robert W. Thomas suspended all operations on this sale as directed by court order under Pacific Coast Federation of Fishermen's Assoc. et al v. National Marine Fisheries Service, et al, (PCFFA III) No. C00-1757R as per Judge Rothstein (December 14, 2001). This letter also allowed for Contract Term Adjustment under CT6.01/BT8.21 and modification of the contract for temporary performance bond reduction under CT9.110.

e. By letter dated January 24, 2002, Purchaser Representative Pete Quast requested a modification to include CT9.110 for temporary performance bond reduction, but stated that Scott Timber Co. will keep full bonding on the sale through the end of 2002 operating season, to keep the option of being ready to operate.

f. On February 12, 2002, a Contract Modification was sent to Scott Timber Co. to include CT9.110, Temporary Reduction of Performance Bond (9/99) as per their request of January 24, 2002.

g. On March 19, 2002, Contracting Officer Robert W. Thomas modified the termination date under BT8.21 for one year to September 30, 2004.

h. On April 16, 2002, a Contract Modification was returned and executed to include CT9.110, Temporary Reduction of Performance Bond (9/99) as per their request of January 24, 2002. The reduced amount is $2,700, which would have been effective April, 2002, but was not chosen as per letter of January 24, 2002. This letter stated that Scott Timber Co would review the bond status at the end of 2002. To date there has never been any reduction in the performance bond or down payment deposit by Scott Timber Co.

i. By letter of January 22, 2003, Contracting Officer, Robert W. Thomas adjusted the Termination Date and Periodic Payment Schedule for one year to September 30, 2005.

j. Under court settlement on March 31, 2003, the Biological Opinion was withdrawn, thereby rendering our Decision Notice void (PCFFA III). The Forest Service did review the existing Biological Opinion and found it consistent with the court ruling.

k. By letter of May 12, 2003, Contracting Officer Robert W. Thomas issued a letter releasing the sale to operate.

l. Under FSM 2453.63, Cancellation by Agreement, the Regional Forester may cancel timber sales by agreement for circumstances over which the purchaser has no control making it impossible for the purchaser to continue operations.

3. DISCUSSION

Procedures outlined in Special Provision CT6.01 Interruption or Delay of Operations (10/96), provide a basis for determining the settlement amount associated with the Backwoods Thin Timber Sale. Special Provision CT6.01 provides guidance for determining and documenting out-of-pocket expenses associated with holding the timber sale contract. The calculations that have been presented by the contractor include the out-of pocket expenses for holding bonding on the sale, the additional move-in/move-out costs, interest on cash deposits and costs incurred to assemble the claim, which meet this requirement. Purchasers claim also includes unamortized costs for road construction, the opportunity to fully amortize those expenses still exists, as the sale is delayed, not terminated.

Special Provision CT6.01 clearly addresses the cost of replacement value of timber opportunity lost or interest on profit that would have been made.

The Purchaser has not asked for a Mutual Cancellation or termination of this contract. The Government has also not offered to terminate this sale and has granted Contract Term Adjustment under BT8.21 or CT8.212#, four times since this sale was suspended.

Scott Timber Co. was allowed under the Contract modification of April16, 2002 and contract provision CT4.222 to reduce their needed performance bond and downpayment and has chosen not to exercise that option.

4. DECISION

It is my decision that the Purchaser is entitled to payment in the amount of $5,005 for out-of-pocket expenses associated with the delay of operations on this sale as a result of court action. The extent of these payments includes only those items listed in CT6.01. These out-of-pocket expenses are $5,005.00 for holding performance bonding, claim assembly and cash downpayment until May 31, 2005, as measured by interest at the Prompt Payment/Contract Disputes Act rate established by the Dept of the Treasury (see attached worksheet) and the interest due from receipt of the claim until final payment. This will be credited to the June Statement of Accounts.

The contract (CT6.01, 10/96) does not allow for the recovery of cost associated with replacement volume or lost opportunity or interest on money that would have been made and in fact the Purchaser still has the volume and neither party has discussed Mutual Cancellation in accordance with FSM 2453.63. In addition CT6.01, 10/96) clearly states that anticipatory losses are not allowed. I am therefore denying the Purchasers claim for lost market opportunity $274,059, out of pocket interest for Roseburg Forest Products $30,487 for lost market profit and unamortized road construction for $52,931.26.

The contract clearly outlines a process to reduce the cash downpayment of $73,800 under CT4.222. The Purchaser chose not to exercise this provision and clearly stated such in the letter of January 24, 2002. The purchaser also chose not to reduce the required performance bonding following modification of the contract on April 16, 2002, therefore damages were calculated on the reduced amount that the purchaser could have used, not actual amounts.

5. CONCLUDING INFORMATION

This is the final decision of the Contracting Officer. This decision may be appealed to the Agriculture Board of Contract Appeals.

If you decide to make such an appeal, you must mail or otherwise furnish written notice thereof to the Agriculture Board of Contract Appeals within 90 days from the date you receive this decision. A copy thereof shall be furnished to the Contracting Officer from whose decision the appeal is intended, shall reference this decision, and identify this contract by number. In lieu of appealing to the Agriculture Board of Contract Appeals, you may bring an action directly to the U.S. Court of Federal Claims within 12 months of the date you receive this decision.

Robert W. Thomas

ROBERT W. THOMAS
Contracting Officer
Rogue/Siskiyou National Forest
333 W. 8th Street
P.O. Box 520
Medford, OR 9701-0209
541/439-6290

Attachment

cc: RO-TM (Anderson)
Claim File