IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SCOTT TIMBER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 05-604C |
| v. | ) | (Judge Horn) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 are conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

2. Admits.

3. Admits.

4. The allegations contained in paragraph 4 are conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

5. Admits the allegation contained in paragraph 5 that plaintiff submitted a letter to the contracting officer. Denies that the letter was submitted on November 9, 2004. Avers that the letter was submitted on November 19, 2004. The allegation that the letter was "a properly certified claim" is a conclusion of law to which no answer is required; to the extent that it may be deemed an allegation of fact, it is denied. Admits the remaining allegations contained in paragraph 5 to the extent supported by the letter cited, which is the best evidence of its contents;

otherwise denies all other allegations contained in paragraph 5.

6. Admits the allegations contained in paragraph 6 to the extent supported by the decision cited, which is the best evidence of its contents; otherwise denies all other allegations contained in paragraph 6.

7. Admits the allegations contained in paragraph 7 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies all other allegations contained in paragraph 7.

8. Admits.

9. Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

10. Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.

11. Admits the allegation contained in paragraph 11 that Scott Timber began harvesting the Backwoods Thin sale in 1999. Denies the remaining allegations contained in paragraph 11.

12. The allegations contained in paragraph 12 are conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

13. The allegations contained in paragraph 13 are conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

14. Admits the allegations contained in paragraph 14 to the extent supported by the Northwest Forest Plan and the Aquatic Conservation Strategy ("ACS") cited, which are the best evidence of their contents; otherwise denies all other allegations contained in paragraph 14.

15. Admits the allegations contained in paragraph 15 to the extent supported by the district court case cited, which is the best evidence of its contents; otherwise denies all other allegations contained in paragraph 15.

16. Denies.

17. Admits the allegations contained in paragraph 17 to the extent supported by the Biological Opinions cited, which are the best evidence of their contents; otherwise denies all other allegations contained in paragraph 17.

18. Admits the allegations contained in paragraph 18 to the extent supported by the district court opinion cited, which is the best evidence of its contents; otherwise denies all other allegations contained in paragraph 18.

19. Admits the allegations contained in paragraph 19 to the extent supported by the district court case cited, which is the best evidence of its contents; otherwise denies all other allegations contained in paragraph 19.

20. Admits the allegations contained in paragraph 20 to the extent supported by the district court case cited, which is the best evidence of its contents; otherwise denies all other allegations contained in paragraph 20.

21. Admits the allegations contained in paragraph 21 to the extent supported by the district court cases cited, which are the best evidence of their contents; otherwise denies all other allegations contained in paragraph 21.

22. Admits the allegations contained in paragraph 22 to the extent supported by the district court opinion cited, which is the best evidence of its contents; otherwise denies all other allegations contained in paragraph 22.

23. Admits the allegation contained in paragraph 23 that the National Marine Fisheries Service ("NMFS") suspended the 20 biological opinions at issue in Pacific Coast Federation of Fishermen's Association v. NMFS, Case No. C00-1757R ("PCFFA III"). Denies the remaining allegations contained in paragraph 23. Avers that the biological opinion that covered the Backwoods Thin timber sale was not directly challenged in the PCFFA III litigation.

24. Admits.

25. Admits the allegations contained in the first sentence of paragraph 25 that following the Ninth Circuit's decision affirming the lower court's decision in Pacific Coast Federation of Fishermen's Association v. NMFS, 71 F. Supp.2d 1063 (W.D. Wash., No. C99-67R, 1999) ("PCFFA II"), see Pacific Coast Federation of Fishermen's Association v. NMFS, 265 F.3d 1028 (9th Cir. 2001), the National Marine Fisheries Service permanently withdrew the 20 biological opinions that were at issue in that lawsuit. Denies the remaining allegations contained in the first sentence of paragraph 25. Admits the allegations contained in the second sentence of paragraph 25.

26. Denies the allegations contained in paragraph 26 that the Forest Service's suspension of the Backwoods Thin sale remained in effect from December 14, 2000 until May 12, 2003. Avers that the Forest Service initially suspended the Backwoods Thin sale on December 14, 2000. Admits the allegations contained in the first sentence of footnote 2 to paragraph 26 that the suspension of the Backwoods Thin sale was initially lifted on October 2, 2001, immediately following the decision in Alsea Valley Alliance v. Evans, 161 F. Supp.2d 1154 (D. Or. 2001); otherwise denies all other allegations contained in the first sentence of footnote 2 to paragraph 26. Admits the allegation contained in the second sentence of footnote 2

to paragraph 26 to the extent supported by the decision cited, as it is the best evidence of its contents; otherwise denies all other allegations contained in the second sentence of footnote 2 to paragraph 26. Admits the allegation contained in the third sentence of footnote 2 to paragraph 26 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies all other allegations contained in the third sentence of footnote 2 to paragraph 26. Avers that the suspension was lifted again on May 12, 2003.

27. The allegations contained in paragraph 27 are conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

28. The allegations contained in paragraph 28 are conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

29. Denies the allegations contained in the first sentence of paragraph 29 that "the Backwoods Thin sale was deemed invalid as a result of PCFFA II & III, and the Backwoods Thin sale had to be suspended by the Forest Service." The remaining allegations contained in paragraph 29 are conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

30. The allegations contained in paragraph 30 are conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

31. The allegations contained in paragraph 31 are conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent that they may be deemed

allegations of fact, they are denied.

32. Denies.

33. Defendant's responses to paragraphs 1 through 32 are incorporated by reference.

34. The allegations contained in first sentence of paragraph 34 are conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 34 to the extent supported by the contract clause cited, which is the best evidence of its contents; otherwise denies all other allegations contained in the second sentence of paragraph 34. Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of paragraph 34. Avers that Scott Timber could not reasonably rely upon the language of contract clause 6.25 as creating a warranty in light of the Federal Circuit's holding in Scott Timber v. United States, 333 F.3d 1358, 1371 (Fed. Cir. 2003).

35. Denies.

36. Denies.

37. The allegations contained in paragraph 37 are conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

38. Denies.

39. Defendant's responses to paragraphs 1 through 32 are incorporated by reference.

40. Admits the allegation contained in paragraph 40 that the Forest Service's suspension of the Backwoods Thin timber sale contract was imposed on or about December 14,

2000. Denies the allegation contained in paragraph 40 that the suspension was in place for over two years. Admits the allegation contained in paragraph 40 that the suspension was lifted on October 2, 2001, and that the contract was suspended again on January 17, 2002. Denies all remaining allegations contained in paragraph 40. Avers that the suspension was lifted again on May 13, 2003.

41. Admits the allegations contained in the first sentence of paragraph 41, that the purpose of the suspension was to permit the Forest Service time to consult with the National Marine Fisheries Service concerning whether the Backwoods Thin timber sale contract complied with the ACS and would not jeopardize the listed aquatic species. Denies the remaining allegations contained in paragraph 41.

42. Denies.

43. Defendant’s responses to paragraphs 1 through 32 are incorporated by reference.

44. Denies.

45. Denies that plaintiff is entitled to the relief requested under the title “WHEREFORE” in its entirety or to any relief whatsoever.

46. Denies each and every allegation not previously admitted or otherwise qualified.

DEFENDANT'S AFFIRMATIVE DEFENSE

47. Plaintiff's claims are barred by the affirmative defense of assumption of risk.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

s/ Lindsay Williams
LINDSAY WILLIAMS
Trial Attorney
Commercial
Litigation Branch
Civil Division
Department of Justice
Phone: (202) 353-7995
Fax: (202) 514-8624

Attorneys for Defendant

OF COUNSEL:
MARCUS WAH
Associate Regional Attorney
USDA-OGC, Pacific Region
1734 Federal Building
1220 S.W. Third Ave
Portland, OR 97204-2825

September 7, 2005