**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| SCOTT TIMBER COMPANY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-604C |
| | ) | (Judge Horn) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**CORRECTED JOINT PRELIMINARY STATUS REPORT**

Pursuant to Rule 16 and Appendix A (II & III) of the Rules of the United States Court of Federal Claims ("RCFC"), the parties, Scott Timber Company ("Scott") and the United States, respectfully submit this Joint Preliminary Status Report:

a. Jurisdiction

Plaintiff asserts jurisdiction pursuant to 28 U.S.C. § 1491. At this time, the United States is not aware of any reason why the Court would not possess jurisdiction.

b. Should the case be consolidated with any other case?

This subject was addressed by the Court in its Order of August 24, 2005.

c. Should trial of liability and damages be bifurcated?

Although a schedule for discovery was discussed at the telephonic status conference on August 23, 2005, neither the parties nor the Court addressed the question of bifurcation.

Plaintiff believes that in this case the issues of liability and damages are sufficiently distinct so that they can be efficiently tried in separate proceedings. If plaintiff prevails on one or more issues of liability, then the parties may be able to resolve the issue of damages without

further formal proceedings before the Court. If defendant prevails on liability, then a trial on damages will not be necessary.

Plaintiff has no objection to providing defendant with all reasonable information on damages that it may require after the Court has decided the issue of liability, or before the issue of liability has been decided if defendant represents that a compromise settlement is likely assuming plaintiff's damages are reasonably verifiable. However, plaintiff currently believes that it will need an expert on damages and an expert report if the damages issues must be tried. If this case is not bifurcated, both parties will need to expend scarce time and resources in the preparation and discovery of expert damages reports. Accordingly, plaintiff believes that it would be more efficient for both parties and the Court to bifurcate and avoid, if possible, the significant expense and effort associated with damage experts.

Defendant does not believe that it is necessary to try the issues of liability and damages separately. The damages the plaintiff is seeking are not extraordinary, and we do not believe they will be particularly complex. Further, the parties would benefit from seeking discovery on both liability and damages prior to trial, as it would enable them to better assess the likelihood of settlement.

d. Should further proceedings in this case be deferred pending consideration of another case before this court or any other tribunal?

No.

e. In cases other than tax refund actions, will a remand or suspension be sought?

The parties agree that no remand or suspension will be sought.

f. Will additional parties be joined?

Neither party intends to join additional parties.

g. Does either party intend to file a motion pursuant to RCFC 12(b), 12(c) or 56 and, if so, a schedule for the intended filing?

Both parties reserve the right to file dispositive motions after the status conference scheduled for May 11, 2006.

h. What are the relevant factual and legal issues?

Plaintiff's Issues:

(1) Whether the United States Forest Service breached the Backwoods Thin timber sale contract by suspending that contract.

(2) Whether the suspension of the Backwoods Thin timber sale contract was unreasonable as to cause and/or duration.

(3) Whether the Forest Service breached an alleged warranty under clause CT6.25 of the Backwoods Thin timber sale contract.

(4) In the alternative, assuming that the Forest Service's suspension of the Backwoods Thin contract was not a breach, did the Forest Service fail to pay Scott certain out-of-pocket costs within the scope of contract clause CT6.01?

(5) What damages, if any, is plaintiff entitled to as a result of the Forest Service's suspension of the Backwoods Thin timber sale contract?

Defendant's Issues:

(1) Whether the Forest Service breached plaintiff's Backwoods Thin timber sale contract by temporarily suspending operations under the contract from December 14, 2000, until October 2, 2001, and from January 12, 2002, until May 12, 2003.

(2) Even thought the Forest Service's temporary suspensions were based upon contract provision CT6.01, did the Forest Service nonetheless breach any implied duties to cooperate and

not to hinder plaintiff's performance and/or breach an implied warranty under contract provision CT6.25, if such a warranty exists.

(3) What damages, if any, plaintiff is entitled to as a result Forest Service's temporary suspension of plaintiff's Backwoods Thin timber sale contract from December 14, 2000, until October 2, 2001, and from January 12, 2002, until May 12, 2003.

i. What is the likelihood of settlement? Is alternative dispute resolution contemplated?

The parties intend to make every effort to resolve this case amicably. At this point alternative dispute resolution is not contemplated, but the parties will continue to consider this option throughout the litigation. If deemed warranted, the parties will pursue settlement negotiations as the litigation progresses.

j. Do the parties anticipate proceeding to trial?

If this case cannot be resolved through settlement or dispositive motions, the parties anticipate that they will proceed to trial. Neither party requests an expedited trial schedule. If a trial is required, the parties believe that it should be held at a location that is most convenient for the witnesses and the Court. The parties will work together to make a proposal to the Court as to what that location should be.

k. Are there special issues regarding electronic case management needs?

There are no special issues regarding electronic case management needs.

l. Is there other information of which the Court should be aware at this time?

By order filed October 4, 2005, Judge Braden scheduled a trial in Ralph Franklin & Son Logging v. United States, CoFC No. 04-1679C, for August 21-August 25, 2006. During the telephonic hearing with Judge Braden which led to this order, plaintiff's counsel, who is also

counsel of record in the instant case, notified Judge Braden that Judge Horn had previously issued a scheduling order in the instant case scheduling a trial for August 2006. Judge Braden indicated to counsel that she may raise this scheduling matter with Judge Horn. Given that pretrial, trial and post-trial activities are likely to take place in connection with both the instant action and Case No. 04-1679C, plaintiff respectfully requests that the Court's order in this case dated August 24, 2005 be amended to provide that the trial in this case will take place in October 2006 rather than August 2006. Plaintiff also asks that the Court's August 24, 2005 order be likewise amended to move the discovery cutoff date to June 28, 2006 and the post-discovery status conference to July 11, 2006 or similar dates convenient to the Court.

Defendant does not oppose plaintiff's request.

m. Joint Proposed Scheduling Plan

By Order dated August 24, 2005, the Court has ordered that discovery shall close on April 28, 2006. If the Court grants plaintiff's requested enlargements set forth in paragraph (l) above, then the close of discovery would be on June 28, 2006. If proceedings in this case are bifurcated, then discovery in this phase will be limited to issues of liability.

Respectfully submitted,

s/Gary G. Stevens
GARY G. STEVENS
Saltman & Stevens, P.C.
1801 K Street, N.W, Suite —110
Washington, D.C. 20006
Phone: (202) 452-2140
Fax: (202) 775-8217

Attorney for Plaintiff

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

s/Lindsay E. Williams
LINDSAY E. WILLIAMS
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Phone: (202) 353-7995
Fax: (202) 514-8624

OF COUNSEL:
MARCUS R. WAH
Associate Regional Attorney
USDA-OGC, Pacific Region

November 2, 2005

Attorneys for Defendant